In re FARMER et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS — ORDER FOR EXAMINATION OF BOOKS OF THIRD PERSONS—SCOPE.

General Assignment Act, § 21, authorizing the court to grant an order for the examination of all persons having purchased or handled the assigned property, and to compel the production of their books and papers, only authorizes the examination of the books of a purchaser of property from the assignee to the extent of the records of the purchases so made, and of all his dealings with the assignee, and of the sales of merchandise purchased from him.

Appeal from special term, New York county.

In the matter of the assignment of A. J. Farmer & Co. for the benefit of creditors an order was made requiring the Manhattan Importing & Exporting Company to submit to an examination of its books of account and officers, and from an order denying a motion to modify such order the Manhattan Importing & Exporting Company appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Hugo Wintner, for appellant.
Arnold C. Weil, for respondents.

PATTERSON, J. A. J. Farmer & Co. made an assignment for the benefit of creditors to William Wolff. Certain creditors of the assignors, seeking information as to the assigned property, applied under section 21 of the general assignment act, on a petition setting forth sufficient facts, for an order requiring various persons and corporations to submit to an examination concerning, and to produce books and papers relating to, that property, and the assignee's dealings with it. An order was granted, which, among other things, provided that the Manhattan Importing & Exporting Company produce before the referee named in the order "all papers, writings, and books of account showing purchases of merchandise from the said assignee, and all dealings with him, and sales by said Manhattan Importing & Exporting Company, with the prices realized therefor, and the payments made in such transactions, and the persons to whom such merchandise was sold." The Manhattan Company moved to modify the order by striking out the provision above quoted. The motion was denied, and that company now appeals from the order entered thereupon.

The motion was properly denied in so far as it was addressed to expunging the whole requirement of the order objected to; but, as that requirement is drawn, it is open to the criticism that the creditors are permitted a greater latitude of investigation of the company's books than is proper, and may, under cover of the order, seek to examine into business and affairs not connected with the assigned property, or the assignee's dealings with it. All that the creditors can inquire into legitimately is the company's dealings with the assignee, and the property it acquired from him, and that proper limitation may be made by modifying the order appealed from so that it shall stand as one denying the motion to strike out, but modifying the original order so that the examination of the Manhattan Company's books shall be confined to purchases of merchandise from the assignee, and all dealings with him, and to sales by that company of merchandise purchased from the assignee.

As thus modified, the order appealed from is affirmed, without costs. All concur.